UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| | : | 3:19cr74 (JCH) |
| v. | : | |
| | : | |
| BRIAN HANNA | : | AUGUST 23, 2021 |
|    Defendant. | : | |

**RULING RE: MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 2025)**

Brian Hanna, a defendant sentenced by this court and currently serving that sentence with the Bureau of Prisons ("BOP"), has moved for "immediate release" from the BOP. Mr. Hanna seeks relief under the First Step Act as amended with regard to compassionate release.[1] As is required for compassionate release under section 3582(c)(1)(A)(i) of title 18 of the United States Code, Mr. Hanna has exhausted his administrative remedies. See Mot. for Compassionate Release at 4 (Doc No. 2025) (hereinafter "Mot.").[2]

Mr. Hanna argues that there are extraordinary circumstances which justify his immediate release. See Mot. at 2. He rests his argument upon the COVID-19

---

[1] Mr. Hanna also appears to seek relief pursuant to "related memorandums issued by Attorney General, William Barr", in which Mr. Hanna states there was encouragement for release of certain federal inmates most vulnerable to COVID-19. See Mot. at 1. To the extent Mr. Hanna seeks relief pursuant to the Barr memo, this court does not have jurisdiction over any denial of such relief. See United States v. Kanagbou, 726 F. App'x 21, 25 n. 1 (2d Cir. 2018) ("[I]t is well established that the district court does not control how the Executive Branch carries out a defendant's sentence."); see also United States v. Verderosa, No. 17-CR-0372-9(JS), 2020 WL 6449238, at *5 (E.D.N.Y. Nov. 2, 2020) ("authority to grant . . . temporary release rests solely with the BOP.") (internal quotation marks and citations omitted).

[2] The court appointed counsel for Mr. Hanna, in connection with his pro se Motion for Immediate Release. Counsel filed a Notice with the court, representing that he had "reviewed the defendant's submission" and concluded that it met all the criteria necessary for the court to rule on the pro se Motion. See Notice re: Compassionate Release Filing (Doc. No. 2048). Counsel reported that he "has nothing to submit in addition." Id.

pandemic, and more particularly, the virus's presence in BOP facilities. Id. at 5-7. He argues that he is at a high risk from contracting COVID-19. Id. at 2-4. Further, he cites various medical conditions he has which, if he contracts the virus, will put him at high risk of serious injury or death. Id. at 3-4, 7-8. Mr. Hanna lists the following conditions in his Memorandum: asthma, obesity, high blood pressure, bronchitis, and his age. Id. Further, while not specifically addressing all the 3553(a) factors, he argues that he has been classified as "low risk" by the BOP, and that he has received no disciplinary tickets during the roughly eight months he has been in the custody. Id. at 8. Further, he notes he has served 4 months in quarantine due to COVID-19 under strict confinement conditions, and that he has qualified for a job upon his release from quarantine. Id.

A review of Mr. Hanna's medical records, see id. at Ex. B, reveals that he has been diagnosed with "unspecified (acute) exacerbation" asthma. Further, he has a BMI of 32.73. Id. He also suffers from essential (primary) hypertension. Id.[3] Finally, Mr. Hanna is 53 years old.

Clearly, under the CDC guidelines, Mr. Hanna is at high risk should he contract COVID-19 based upon his obesity, and possibly his asthma and hypertension. See COVID-19, People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). However, the government, in its Opposition, notes that Mr. Hanna has declined to receive the COVID-19 vaccine that was made available to him by the Bureau of Prisons. See Opp. to Mot. for Compassionate Release at 5 (Doc. No. 2054) (hereinafter "Opp.").

---

[3] The court notes that, while bronchitis is listed in his medical records, it is described as "not specified as acute or chronic." See id. at Ex. B.

It is this court's view that, absent a clear showing of a medical or other justified reason for refusing the vaccine, an inmate does not present exceptional circumstances on the basis of medical conditions which raise the risk if COVID-19 is contracted, when that inmate declines the offer of a highly effective vaccine that greatly reduces transmission and markedly lowers the risk of contracting a serious or life-threatening case of the virus.  See United States v. Poupart, No. 3:11-CR-116, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) ("[t]he opportunity for . . . inmates to opt to receive the COVID-19 vaccine represents a sea change from their previous COVID-19 vulnerability . . . . Evidence that a defendant has been offered the vaccine . . . demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19") (internal citation omitted); see also Benefits of Getting Vaccinated, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Aug. 16, 2021).  Thus, given that Mr. Hanna has declined the vaccine without any showing of justification, it is the court's view that, despite his health risks, he has failed to persuade the court that he has "exceptional circumstances" under the Compassionate Release Statute as modified by the First Step Act.  See 18 U.S.C. § 3582(c)(1)(A)(i).[4]

Even if the court were to find exceptional circumstances, it would still decline to grant compassionate release because of the 3553(a) factors that the court must consider under the compassionate release statute.  See 18 U.S.C. § 3582(c)(1)(A)(i); 18

---

[4]  It further bears noting that, at the time the government filed its Opposition, it reported that there were no cases at the facility at which Mr. Hanna is housed.  Currently, at that facility, Fort Dix, there are no infected inmates.  See COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 21, 2021).

U.S.C. § 3553(a).  The court reaches that conclusion having reviewed all of the filings, as well as the material before the court at the time of sentencing.

While the court recalls some positive observations it was able to make at the time of sentencing regarding Mr. Hanna[5], nonetheless, on balance, the 3553(a) factors support the finding that immediate release is not justified, even had the court found exceptional circumstances.  Mr. Hanna was found by this court to be responsible for a quantity of heroin distributed of between 700 but less than 1000 grams.  Sentencing Transcript at 8 (Doc. No. 1860) (adopting the facts in the Presentence Investigation Report (Doc. No. 1752) (hereinafter "PSR").  Mr. Hanna was the primary wholesale supplier of heroin to Keith Jordan, the principal distributor in this case in the Waterbury area.  PSR at ¶ 10.  In addition, Mr. Hanna had a substantial criminal history, including two grand larceny convictions, two narcotics convictions, endangering the welfare of the child, and reckless endangerment convictions.  PSR at ¶¶ 34-40.  Further, he committed the crime for which he was sentenced by this court, as well as his second grand larceny conviction, both after the age of 40.  PSR at ¶¶ 1, 40.  To the extent that Mr. Hanna points to his classification as "low risk" by the Bureau of Prisons, the court notes that his age is a significant factor in lowering that score under the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs.  See Male PATTERN Risk Scoring, BOP.GOV, https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf (last visited Aug. 21, 2021).  Age, however, does not always mean lessening of reoffending.  Mr.

---

[5] The defendant's guidelines range, as found by the court at sentencing, was 84-105 months. See Sentencing Transcript at 10 (Doc. No. 1860).  After departure, the sentence imposed was 72 months imprisonment. See Am. J. at 1 (Doc. No. 1883).

Hanna has continued to commit crimes after he reached full adulthood.  PSR at ¶¶ 37-40.

For the foregoing reasons, the court denies the Motion for Immediate Release (Doc. No. 2025).

**SO ORDERED.**

Dated at New Haven, Connecticut, this 23rd day of August, 2021.

　　　　/s/ Janet C. Hall　　　　  
Janet C. Hall  
United States District Judge
